DORÉ, Judge.
In this case relator alleges that she was employed by the Division of Employment Security, Department of Labor, as an Employment Claims Examiner II on January 2, 1946, by the former State Department of State Civil Service as created by the provisions of Act No. 172 of 1940, as amended; that on July IS, 1949, she was notified in writing by the Administrator of the Division of Employment Security, that her position was being abolished effective on July 25, 1949, and that she would be laid off and her employment with said agency terminated due to a budget reduction.
She alleges that she immediately protested to the Administrator and to the Merit System Director of the Louisiana Merit System Council that -her dismissal was improper since it was based on the violation of the spirit, meaning, purposes and provisions of Act No. 13 of the Special Extra Session of 1948, and the “Rules” of' the Louisiana Merit System Council; that on August 12, 1949, she filed an appeal with the Merit System Director, in which she requested that the Louisiana Merit System Council hear her appeal; that on September IS and 16, 1949, the Merit System Council conducted a hearing on the appeal, and on October 12, 1949, it dismissed the appeal, with written reasons; that she thereupon filed an application for rehearing, which application for rehearing was denied on December 7, 1949; that she exhausted all of her administrative remedies..
She alleges that on February 23, 1950, she filed a Petition for Mandamus before the 19th Judicial District Court against Marvin E. Thames, Administrator, Division of Employment Security, Department of Labor, State of Louisiana, and Louisiana Merit System Council, State of Louisiana, and R. B. Walden, the Merit System Director of the Louisiana Merit System Council, in Suit No. 34,670, Division “A” of said Court; tha-t on May 17, 1950, Judge Charles A. Holcombe, for written reasons given, sustained exceptions of no cause or right of action, of non-joinder and mis-joinder filed by the defendants, and dismissed her *718 suit at her costs; that thereupon, she filed an application for rehearing' on May 22, 19S0, which was refused by the Court on June 6, 1950.
She further alleges that on or about June 1, 1949, the Division of Employment Security applied to the Louisiana Merit System Council for a separate, different, and non-uniform pay-plan for the classes of positions in its division; that the Louisiana Merit System Council authorized a separate and non-uniform pay-plan for the Division of Employment Security, retroactive to June 1, 1949; that as a result of the adoption of the separate and non-uniform pay-plan for the Division of Employment Security, effective on June 1, 1949, there were insufficient funds to pay all the employees of said division at the new and higher rate, and the effect was that she and other employees were laid off on July 25, 1949.
She further alleges that the separate and non-uniform pay-plan of the said Division is contrary to the Mandatory Provisions of Act No. 13 of the Special Extra Session of 1948, and the Merit System standards of the Federal Security Agency; and if the said pay-plan was made uniform so as to conform with all other Federal Aid Agencies of the State, there would be no shortage of funds, and she could, and would be reinstated to her job.
She further alleges that by virtue of the provisions of Act No. 13 of the S. E. S. of 1948, and Rule XII, Section 3.1, which she partly sets out in her petition, a position in the classified service must either be abolished or vacated before there can be an application of the lay-off formula affecting that employee; that she was a regular employee having the classification, “Unemployment Claims Examiner II”, in the Interstate and Transfer Unit of the Unemployment Compensation Section of the Division of Employment Security; that her position was not abolished, vacated or terminated.
She alleges that a classified position held by Mrs. Manette L. Charlet as a regular Unemployment Claims Examiner II in the “Servicemen’s Readjustment Allowance Unit” was abolished, vacated and terminated due to the expiration, on July 25, 1949, of the Servicemen’s Readjustment Act; that the said Mrs. Charlet was transferred from her position to the Interstate and Transfer Unit and assigned to learn relat- or’s job, which position was subsequently filled by Mrs. Charlet when relator was laid off on July 25, 1949; that the lay-off of relator under such circumstances was improper and contrary to law and the regulations of the Merit System Council.
She further alleges that the positions of “Unemployment Claims Examiner I and II” and “Employment Interviewer I and II” in the Division of Employment Security, were freely interchangeable and required the same general training, experience and qualifications; that despite Rule XII of the Merit Council, which rules provide that "Whenever a position in the classified service is abolished or needs to be vacated because of shortage of funds, after all possibilities of transfer of regular employees to vacant positions or positions held by provisional appointees in the class involved in the organizational unit affected shall be laid off”, non-regular employees of the Division of Employment Security were retained performing the same type of work or comparable jobs as relator, and for which she was qualified.
She further alleges that it was the legal duty of the defendants not to lay off relator when her job or position was not abolished, or, in the alternative, if her job was abolished, or she was subject to replacement, then the defendants were under a duty to transfer her to a comparable job held by a provisional (nonregular) employee of the Division of Employment Security.
She alleges that the action of the defendants in terminating her employment was capricious, unjust and arbitrary, and in violation of a plain ministerial duty required of them wherein they were permitted no> discretion by law or rules of the Louisiana Merit System Council; that she has no adequate remedy at law, and that a writ of mandamus is necessary in this matter.
*719 She - prays that an alternative writ of mandamus issue herein “directed to Edwin I. Soule, Commissioner of the Department of Labor, State of Louisiana, and Marvin E. Thames, Administrator, Division of Employment Security, Department of Labor, State of Louisiana, all in accordance with law, directed to the defendants in their official capacity commanding them to reinstate your petitioner, Clare E. Yglesias, xn h.er former position as an Unemployment Claims Examiner II, with regular and permanent status in the Louisiana Merit System, or to show cause to the contrary on such a day and at such an hour as the Court may appoint.” She further prays that upon failure of defendants to show cause to the contrary on the day and hour appointed by the Court, that the said alternative -yvrits of mandamus be made and decreed to be peremptory and permanent.
Alternative writs of mandamus were issued as prayed for, returnable on June 19, 1950 at 10 :00 o’clock A.M. On the day set, the rule was changed and amended so as to -make it returnable on’ Monday, June 26, 1950. On June 26, 1950, the matter was •passed and assigned for Thursday, June 29, 1950.
On Thursday, June 29, 1950, respondent defendants, through counsel, filed the following exceptions, reserving all rights under each exception filed: (1) Exception of lis pendens; (2) Exceptions of nonjoinder •of parties defendant; '(3) Pleas of laches ■and estoppel by laches; (4) Exceptions of no right and of no cause of action. Re•serving all rights under the exceptions filed, respondents filed answer to relator’s petition and return to the alternative writ of mandamus.
The answer of defendants is in the nature of a general denial for lack of sufficient information or conclusions of law, .save the following admitted facts: That on September 15 and 16, 1949, the Louisiana Merit System Council conducted a hearing of the appeal of relator; that on October 12, 1949, the said Council dismissed her appeal, with written reasons; that relator •filed an application for rehearing, which application for rehearing was refused, and that relator had exhausted all of her administrative remedies; that relator had filed a mandamus suit against the Administrator, Division of Employment Security, Dept, of Labor, Louisiana Merit System Council, and its Director, which suit was No. 34,670, Division “A” of said Court, and which said suit was dismissed by Judge Charles A. Holcombe, for written reasons assigned, by sustaining exceptions of no cause or no right of action, non-joinder and mis-join-der ; that the classified position held by Mrs. Manette L. Charlet was abolished, vacated and terminated due to the expiration on July 25, 1949, of the Servicemen’s Readjustment Act. ■
In further answer, respondents re-urged their plea of laches and equitable estoppel based on the fact that relator was laid off on July 25, 1949, and did not file the present suit until June 15, 1950; that her appeal to the Merit System Council for reinstatement was dismissed on October 12, 1949; and that relator, on October 13, 1949, made application for and received all accumulated retirement funds credited to her account. Respondents further allege that the filing of Suit No. 34,670, referred to in relator’s petition, is a bar to this suit. In .further answer, they aver that respondent Thames, due to lack of funds, was confronted with the task, duty and responsibility of formal notification, on July 10, 1949, of the lay-off, effective July 25, 1949, not only to relator, but to approximately 100 other employees, which lay-off was in conformity with the provisions of Act No. 13 of the Extra Session .of 1948, and Rule XII, Section 3.1 of the Louisiana Merit System Council.
On the day set for hearing on the rule, the exceptions were argued and submitted. The trial judge reserved his ruling on the exceptions and requested counsel for all parties to proceed with the trial of the rule. The trial resulted in a judgment overruling the exceptions, and in a judgment in favor of the defendants, and against the plaintiff, recalling the alternative writ of mandamus heretofore issued, and dismissing relator’s suit at her cost. Relator has appealed.
*720 In this Court, defendants complain of the action of the lower Court in overruling the exceptions. They re-urge the exceptions, contending that the exceptions were seriously filed and that they should have been sustained. Although we find merit in some of the exceptions, we feel that it would be a useless task to discuss and pass upon them, due to the conclusion we have reached on the merits of the case.
We find, from the record, the following facts:
Relator was employed by thé Division of Employment Security, Louisiana Department of Labor, after being duly certified to her position and appointed as an Unemployment Claims Examiner II on January 2, 1946, by the former State Department of State Civil Service as created by the provisions of Act No. 172 of 1940, as amended. Due to the repeal of Act No. 172 of 1940, as amended, by the Legislature in 1948, Act No. 12 of Extraordinary Session, 1948, the Louisiana Merit System Council was created by Act No. 13 of Extraordinary Session of 1948, to govern the employees of State agencies administering Federal funds, which, by Federal law, rules or regulations, are- required to operate under personal standards 'on. a merit basis. The Division of Employment Security, Department of Labor is one such State agency affected by said Act No. 13. Relator retained her position and classification as an Unemployment Claims Examiner II, in the said Division of Employment Security, '.under the rules established by the Louisiana Merit System Council.
On or about June 1, 1949, the Administrator, Marvin E. Thames, one of the respondents herein, of the Division of Employment Security, applied to the Louisiana Merit System Council for a separate, different and non-uniform pay-plan for the classes of positions in -the said Division under -the jurisdiction of the said Merit System Council. After a full and public hearing being had ori the said application, and later approved by the Federal officials, the said Merit System Council granted and authorized -d' separate and non-uniform pay-plan for the said Division, retroactive to June 1, 1949. By virtue of the adoption of this non-uniform pay-plan, salaries of the Division were increased, including relator 'herein. She received her increased salary for the month of June and subsequent salary until she was laid off, together with the annual leave due her.
The Division works under a budget of six months. Its budget is made of funds derived'from the Federal government and is made for the periods of January 1st to June 30th and July 1st to December 31st of each year. On July 1st, 1949, the January-June budget had been expended. The budget for the period July 1, 1949 to December 31, 1949, as applied for and requested, based on anticipated and estimated work load, was curtailed and cut by the Federal Bureau of Employment Security. Furthermore, it was anticipated by the Administrator of the Division that he would receive from the Veterans Administration for the carrying on and handling of the Readjustment Allowance Program the same amount which he had received in the period of January 1st to June 30, 1949. He was finally advised, on or about July 8, 1949, that Congress did not intend to extend the provisions of the Servicemen’s Readjustment Allowance Act, 38 U.S.C.A. § 693 et seq., beyond its term, July 25, 1949. The Division had received from the Veterans Administration for the six months prior, the sum of $190,000.00, and for the period July 1, 1949, through December 31, 1949, it allowed the Division only $75,000.00, or a curtailment of $115,000.00.
On account of curtailment of the work load and the curtailment of the funds, the Administrator set up a committee to study the situation. The committee recommended an over-all program which would reduce all classes, without abolition of jobs. On July 1, 1949, on account of the whole program, it was found that there were eight regular Claims Examiners II in the Unemployment Compensation Section, distributed in the various sub-units. The committee found that there would be a need for five regular Claims Examiners II, and therefore, three had to be laid off, and, in that event, the formula set up by the Merit System Coun *721 cil under Rule XII, Section 3.2, providing' for the lay-off of regular employees should be applied. That formula is based upon points earned by the employee. The rule provides that employees with a regular status in the class involved in the organization unit affected shall be laid off on the ¡basis of those having the lowest number of retention points. It recommended that the three persons with the lowest retention points under the formula be laid off. Mrs. Yglesias was one of those.
The Administrator, Mr. Thames, accepted the recommendations of the committee, and by virtue thereof, on July 15, 1949, notified, in writing, Mrs. Yglesias, and over a hundred other employees of his division so situated, that her position was being abolished effective at the close of business on July 25, 1949, and that she would be laid off on that date due to a reduction of the budget and force. She immediately protested to the Administrator, Mr. Thames, and the Merit System Council Director, Mr. Walden. On August 12, 1949, she filed her appeal with the Director of the Merit System, requesting that the, Louisiana Merit System Council hear her appeal. The Louisiana Merit System Council conducted a hearing of her appeal, hearing testimony thereon on September 15th and 16th, 1949. After taking the matter under- advisement, the Louisiana Merit System Council, for written reasons assigned, to which reference will hereafter be made, dismissed her appeal. She applied for a rehearing, which rehearing was denied on December 7, 1949.
After having exhausted her administrative remedies, she, on February 23, 1950, filed a petition for mandamus against Mr. Marvin E. Thames, Administrator, Division of Employment Security, and the Louisiana Merit System Council and R. B. Walden, the Director of the said Council, being Suit No. 34,670 of the District. Court for' the Parish of East Baton Rouge. In this suit, defendants filed exceptions of non-joinder and mis-joinder of parties’ defendants, and exceptions of no cause or of no right of action. Hon. Charles A. Holcombe, Judge of the said Court, sustained the exceptions, and on May 17, 1950, dismissed her suit.
It is proper to state at this time that, after reading the reasons handed down by the Louisiana Merit System Council in dismissing plaintiff’s appeal, it appears that relator made the same contentions before the Louisiana Merit System Council as she now makes in this suit. ít becomes proper, therefore, that we quote from these reasons, the appropriate parts thereof:
“These employees are appealing from the action of the Administrator in laying them off on July 25, 1949 from their positions in the agency due to a curtailment in the Veterans Readjustment Allowance Pro gram and a reduction in the budget.
“In statements filed by both of these employees as the basis of their appeals, six separate contentions were made, each of which has been carefully considered by the Cpuncil * * *.
“The agency was faced with the necessity of making economies because of a budgetary shortage of funds. It could have reduced salaries under the special pay plan; it could have asked and unquestionably would have obtained approval of a lower salary range by the Council, or it could have reduced the number of its personnel. It elected within the scope of its administrative powers to effect the necessary economy by laying off approximately 100 employees of whom these appellants were two, and if economies had to be effected, the Council had no jurisdiction to tell the agency what steps it should take. We therefore, conclude that the matter of the special pay plan or salary increases granted by the Division of Employment security cannot be appropriately considered by the Council in connection with, these appeals. (Italics ours).
■ “The appellants further contend that the fiscal conditions and practices of the Division of Employment Security did not justify the layoff of regular employees. The evidence shows that for ■ the six-months period from July 1, 1949 through December 31, 1949, the agency has available from all sources the total, sum of $1,082,774.00; The- *722 evidence further shows that the payroll for the month of August was $162,233.00. We find nothing in the evidence to show exactly what the July payroll was, but we can safely assume that it was larger than the August payroll since approximately 100 people were laid off during the latter part of July. Taking, therefore, the month of August figure as typical and multiplying it by six, the total expenditures, as well as we can estimate from the evidence, for salaries for the budgetary period, will amount to $973,398.00. Adding to this six percent to cover the agency’s contribution to the Retirement System, amounting to $58,403.00, we have a total of $1,031,801.00 for personal services alone. The total allotment for all purposes, as we have already pointed out, is $1,082,774.00, so it is evident that the fiscal condition of the agency did justify and, in fact, did require the taking by the agency of drastic steps to curtail its expenditures and that unless additional economies are put into immediate effect or more funds are obtained, the agency faces additional financial embarrassment.
“The Administrator decided to curtail expenditures by running a layoff and thus effect the necessary economies. Since there was a definite shortage of funds necessitating the layoff of these and other employees as contemplated by the provisions of Rule XII, Section 3.1, it then follows that the Administrator was required to observe the layoff formula approved by the Merit System Council in making an objective reduction in force. Such formula admittedly caused the layoff of regular employees, but it should be pointed out that the only reason the formula was adopted was to insure regular employees fair treatment in layoffs.
“Contention Number 3 is largely an expression of opinion insofar as the layoff formula itself is referred as being .‘not fair.’ The formula was duly adopted by the Council following a public hearing and was incorporated in the rules. All of the rules, with the exception of minor portions thereof which have no bearing on these appeals, have ibeen approved by the Federal Security Agency as required by Act 13 of the Extra Session of 1948. The Merit System Director of the Extra Session of his staff testified that the formula was followed and correctly applied.
“Contention Number 4 has no merit since we have concluded that the layoff formula was properly applied. JNo. 8 in appellants’ brief.)
“Contention Number 5, argued at length in appellants’ brief, must also be denied. Rule XII, Section 3.1, as interpreted by the Merit System Director, requires the agency to transfer regular employees to vacant positions or positions held by provisional appointees in the class affected in the agency, but does not require their transfer to another class even though the qualification requirements of the two classes are similar.
“Contention Number 6 is so closely related to the internal management of the agency that the allegations contained therein clearly do not fall within the scope of the Council’s authority. The Council has no jurisdiction to try the administrative head of any agency as to the wisdom of policy in administering the affairs of the agency and much of the testimony, in the opinion of the Council, is not relevant to the issues which the Council is legally authorized to decide. This testimony, however, and other irrelevant evidence were admitted and considered by the Council in an attempt to make sure that all parties be given a fair hearing.
******
“Mrs. Yglesias’ separate contention that her position was not abolished or vacated is also without merit since she was laid off under the formula.
“In the light of the testimony and the evidence which the Council considers relevant, the action of the Administrator in laying off these two employees must be sustained and their appeals dismissed.”
Nothing appears in these reasons in dismissing the appeal to indicate in the slightest degree the performance of a ministerial duty by the respondents herein. On the other hand, the opinion shows that serious consideration was given to every point raised by relator. All of the actions of the *723 Merit System Council dealt with questions of discretion by applying applicable rules to the facts presented. There is nothing in the opinion which suggests that the relators herein acted in a capricious, unjust or arbitrary action; in fact, by dismissing the appeal, the opinion suggests otherwise.
In dismissing Suit No. 34,670, heretofore referred, in his written reasons for judgment, Judge Holcombe states:
“As I view this proceeding it partakes of the nature of an appeal from a decision of the Louisiana Merit System Council. There is no allegation in plaintiff’s petition that she was not afforded a hearing by this Council or that it in anyway abused the discretion vested in it by the law.
“It has been held time and time again by our Courts that they have no right to substitute their judgment for that of administrative boards unless it is alleged and proven that such board or boards have acted capriciously, unjustly and arbitrarily in the performance of their duties. ■ It is the settled jurisprudence of this State that writs of mandamus will not issue to control the exercise of official discretion or judgment or to alter or review action taken in the proper exercise of official discretion. Obviously were the law otherwise, instead of officers discharging their duties in accordance with their own discretion, that of the Court would be substituted therefor.
“Perusal of the written reasons of the Louisiana Merit System Council dismissing relator’s appeal fails to disclose any official abuse of discretion or any illegal exercise of administrative authority.
“In these circumstances, and particularly for the reason that the petition fails to affirmatively allege an albuse of discretion by the Council, this Court is powerless to.reverse its holding which would result if mandamus issued as prayed for.”
These reasons apply to this case. By comparing the allegations of the petition in Suit No. 34,670 and the allegations of the petition in this suit, it is easily discernible that they contain the same substance, save the allegation, “That the action of the defendants in terminating petitioner’s employment was capricious, unjust and arbitrary.” This allegation was suggested by Judge Holcombe. The relator 'has completely failed to prove this essential allegation of her petition in order to give us the right to sustain her demand for a writ of mandamus.
Furthermore, the writ of mandamus will issue only to compel the performance of duties which are purely ministerial, and will not issue where such duties call for the exercise of judgment or discretion, unless said discretion has been capricious, unjust and arbitrary. As previously stated, we find that the laying off of relator was entirely legal and within the discretion of the Administrator, without any abuse of his discretion.
For these reasons, the judgment appealed from is affirmed.